UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
_____

JEFFREY MALEK,

                        Plaintiff,

  -against-

THE CITY OF NEW YORK, FDNY Officer Pasquale Amato, Individually and in his Official Capacity, FDNY Officer Ronald Intriago, Individually and in his Official Capacity, NYPD Officer John Shapiro, Shield No. 12753, Individually and in his Official Capacity, NYPD Officer Ruben Salcealeman, Shield No. 8405, Individually and in his Official Capacity, and NYPD Officers John Doe #1-2, Individually and in their Official Capacities;

                        Defendants.
_____

COMPLAINT

JURY TRIAL DEMANDED

      Plaintiff, JEFFREY MALEK, by and through his attorneys, CHARLES A. ROSS & ASSOCIATES, as and for his Complaint, respectfully alleges, upon information and belief:

### PRELIMINARY STATEMENT

      1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America as well as under New York law.

### JURISDICTION

      2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

1

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b) in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, JEFFREY MALEK, is, and has been, at all relevant times, a resident of New Jersey.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department and the Fire Department of the City of New York, both duly authorized public authorities authorized to perform all functions of a police or fire department as per the applicable sections of the New York State Code, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. At all times hereinafter mentioned the individually named defendants were duly sworn officers of their respective departments and were acting under the supervision of said departments and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

**FACTS**

13. On or about April 7, 2016, at approximately 12:10 p.m., plaintiff Jeffrey Malek, was driving his vehicle northbound in the vicinity of the intersection of Stone Street and Broad Street in New York County in the State of New Yok.

14. At that intersection Broad Street transitions from a two-way street to a two-lane one-way street heading northbound.

15. At that time and place, defendant FDNY Officers Amato and Intriago were in an FDNY firetruck which was attempting to turn south onto Broad Street.

16. At that time and place there was heavy traffic and defendants Amato and Intriago were unable to turn south onto Broad Street because a United States Postal truck was blocking their path.

17. The FDNY firetruck was not responding to an emergency situation as its lights and sirens were turned off.

18. At that time and place, plaintiff pulled behind the United States Postal truck heading northbound.

19. When the postal truck was eventually able to pull to the side, plaintiff's vehicle was in the firetruck's path and unable to move due to traffic.

20. FDNY Officer Intriago, who was not in uniform at the time, immediately exited the firetruck and began to aggressively pound on plaintiff's driver's side window.

21. When plaintiff opened his window FDNY Officer Intriago shouted insults and obscenities at him and demanded plaintiff provide his license and registration.

22. Plaintiff, citing advice he had received from family members in law enforcement, advised Intriago that he was told never to give such documents to any person other than a police officer.

23. Intriago then became even more aggressive and continued hurling insults and obscenities at the plaintiff and the passenger in plaintiff's car.

24. FDNY Officer Amato, who had been standing in front of plaintiff's car while Intriago was on the passenger side, then approached and stated to Officer Intriago, in sum and substance, "don't worry, just call it in and say I got hit" indicating that Intriago should call in a false report to the New York City Police Department.

25. Shortly thereafter plaintiff pulled to the side of the road and the firetruck was able to pass.

26. Plaintiff did not attempt to flee, but instead waited for the police to arrive.

27. When the police arrived, including defendant Officer Shapiro, those officers only spoke to the members of the FDNY who were on the scene.

28. Those officers did not speak to the plaintiff, or the individual who was in his vehicle at the time.

29. Instead, Shapiro knowingly filled out a false accident report, ascribing statements to the plaintiff despite not having spoken to him at all.

30. Additionally, Shapiro was fully aware that Amato had not suffered any injury and was not suffering from any pain from supposedly being struck by plaintiff's vehicle but agreed to further the FDNY defendants' ruse anyway.

31. Plaintiff was ordered out of his vehicle and placed under arrest by Officer Shapiro and/or his colleagues, whose identity are not currently known to the plaintiff and his arms were handcuffed behind his back.

32. Plaintiff was thereafter transported to a nearby NYPD precinct.

33. Shapiro then knowingly and intentionally filled out false police reports and forwarded those reports to the New York County District Attorney.

34. As a result of those actions, in collusion with and for the benefit of Amato and Intriago, plaintiff was charged with two counts of Assault in the Second Degree, Assault in the Third Degree, Reckless Endangerment in the Second Degree, and Obstruction of Governmental Administration in the Second Degree.

35. As a result of those actions, plaintiff remained in custody for approximately 12 hours before he was released at his arraignment.

36. While in custody, plaintiff asked defendant Salcealeman if he would loosen plaintiff's handcuffs.

37. In response, Salcealeman intentionally and maliciously tightened those handcuffs causing bruising, swelling, pain, and damage to plaintiff's wrists.

38. Salcealeman also used unnecessary force in pushing plaintiff against a wall and striking him on the sides.

39. As a result of the false charges against him, plaintiff hired an attorney and private investigator who billed him, in total, approximately $80,000.00 (eighty thousand dollars).

40. As a result of the false charges against him, plaintiff, who owns a private tutoring company, missed an important event on the evening of April 7, 2016 which caused him significant lost wages and damage to his reputation.

41. As a direct result of the false charges against him, several articles were published online about the incident, causing plaintiff reputational harm and lost wages.

42. As a result of his efforts to clear his name, plaintiff, through his attorney and private investigator, were able to retrieve surveillance footage of the incident.

43. As a result of viewing that footage and comparing it to the allegations and statements made by the defendants, all charges against the plaintiff were dismissed in their entirety on plaintiff's first court date after his arraignment on June 3, 2016.

44. As a result of the foregoing, plaintiff sustained, physical injury, embarrassment, humiliation, lost wages, pecuniary harm, reputational harm, and deprivation of his constitutional rights.

45. All of the aforementioned acts of the defendants, their agents, servants, and employees, were carried out under the color of state law.

46. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the united States of America, and were therefore in violation of 42 U.S.C. § 1983.

47. The acts complained of were carried out by the aforementioned individual defendants in their capacities as officers of the NYPD or FDNY, or in collusion with each other as such, and with all the actual and/or apparent authority attendant thereto.

48. The acts complained of were carried out by the aforementioned individual defendants in their official capacities pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK the New York City Police Department, and/or the Fire Department of the City of New York all under the supervision of ranking officers of said departments.

**FIRST CLAIM FOR RELIEF**
**FOR FALSE ARREST UNDER 42 U.S.C. § 1983**
**AS AGAINST AMATO, INTRIAGO, SHAPIRO, and JOHN DOES #1-2**

49. Plaintiff repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

50. As a result of the defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

51. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

**SECOND CLAIM FOR RELIEF**
**FOR VIOLATION OF DUE PROCESS UNDER 42 U.S.C. § 1983**
**AS AGAINST AMATO, INTRIAGO, SHAPIRO, and JOHN DOES #1-2**

52. Plaintiff repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

53. The defendants fabricated evidence against the plaintiff.

54. Such evidence was material and would have influenced any jury's decision that may have been called to hear the evidence against the plaintiff.

55. The defendants forwarded and caused to be forwarded, that material information.

7

56. Plaintiff suffered a loss of liberty as a result of the defendants' actions.

57. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF FOR MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983 AS AGAINST AMATO, INTRIAGO, SHAPIRO, and JOHN DOES #1-2

58. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

59. Defendants misrepresented and falsified evidence before the New York County District Attorney.

60. Defendants did not make a complete and full statement of facts to the District Attorney.

61. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

62. Defendants withheld exculpatory evidence from the District Attorney.

63. Defendants lacked probable cause to initiate criminal proceedings against plaintiff.

64. Defendants acted with malice in initiating criminal proceedings against plaintiff.

65. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

66. Defendants lacked probable cause to continue criminal proceedings against plaintiff.

67. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

68. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff's favor.

69. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

### FOURTH CLAIM FOR RELIEF FOR EXCESSIVE FORCE UNDER 42 U.S.C. § 1983 AS AGAINST SALCEALEMAN

70. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

71. The force employed by Salcealeman was unreasonable given the facts and circumstances prevailing at the time and place of the above described incident.

72. As a result of the foregoing, plaintiff, suffered physical injuries as described above, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

### PENDANT STATE CLAIMS

73. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

74. Within (90) days after the claims herein accrued, the plaintiff duly served upon, presented to and filed with defendant, THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50(e) as against Amato and Shapiro.

75. Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

76. This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

77. Plaintiff has complied with all conditions precedent to maintaining the instant action or defendants have improperly failed to carry out their rights or obligations under the General Municipal Law.

78. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

### FIRST CLAIM FOR RELIEF UNDER NEW YORK LAW
### ASSAULT AND BATTERY
### AS AGAINST AMATO, SHAPIRO, and THE CITY OF NEW YORK

79. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

80. At the aforesaid place and time, the individually named defendants did cause plaintiff, to be unlawfully assaulted and battered, without cause or provocation.

81. The aforesaid assault and battery were caused by the individually named defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK giving rise to individual liability and liability based on a theory of *respondeat superior*.

82. As a result of the aforesaid assault and battery, plaintiff was injured, both physically and mentally.

## SECOND CLAIM FOR RELIEF UNDER NEW YORK LAW
## FALSE ARREST
## AS AGAINST AMATO, SHAPIRO, and THE CITY OF NEW YORK

83. Plaintiff repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

84. As a result of the defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

85. Defendants failed to comply with New York Criminal Procedure Law § 140.10.

86. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF UNDER NEW YORK LAW
## MALICIOUS PROSECUTION
## AS AGAINST AMATO, SHAPIRO, and THE CITY OF NEW YORK

87. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

88. Defendants misrepresented and falsified evidence before the New York County District Attorney.

89. Defendants did not make a complete and full statement of facts to the District Attorney.

90. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

91. Defendants withheld exculpatory evidence from the District Attorney.

92. Defendants lacked probable cause to initiate criminal proceedings against plaintiff.

93. Defendants acted with malice in initiating criminal proceedings against plaintiff.

94. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

95. Defendants lacked probable cause to continue criminal proceedings against plaintiff.

96. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

97. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff's favor.

98. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FOURTH CLAIM FOR RELIEF UNDER NEW YORK LAW
## NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION
## AS AGAINST THE CITY OF NEW YORK

99. Plaintiff repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

100. Defendant, CITY OF NEW YORK, selected, hired, trained, retained, assigned and supervised individually named defendants.

101. Defendant, CITY OF NEW YORK, was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of the individually named defendants.

102. Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation, shock, and fright.

103. As a result of all of the foregoing, plaintiff suffered, *inter alia*, lost wages, reputational harm, loss of liberty, pecuniary harm by way of attorney's fees and investigatory fees, physical pain and suffering, garden variety emotional harm, and embarrassment and humiliation.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. 1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorney's fees, interest, costs and disbursements of this action.

Dated: New York, New York
July 3, 2017

Respectfully Submitted,

Charles A. Ross & Associates
*Counsel for the Plaintiff*

By: _____
MATTHEW SHROYER (MS-6041)
111 Broadway, Suite 1401
New York, New York 10006
(212) 616-3045
mshroyer@charlesrosslaw.com

13